PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4080
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>EDWIN DANIEL ANGULO,<br><br>                              Defendant. | CASE NO. 1:24-CR-00069-JAM-BAM<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER**<br><br>DATE: August 28, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**BACKGROUND**

This case is set for status conference on August 28, 2024.  The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or

finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on August 28, 2024.

2. By this stipulation, the defendant moves to vacate the status conference and schedule a change of plea for September 17, and exclude time between August 28, 2024 and September 17, 2024, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government provided discovery to the defense on April 8, 2024. The discovery consists of investigative reports, bodycam footage, photographs, and other information.

   b) The parties have resolved this case via a plea agreement. Dkt. 19. The parties request to schedule this case for a change of plea at the earliest available date for Counsel and the Court, which is September 17, 2024.

   c) Time has already been excluded until August 28, 2024. Therefore, the parties request exclusion of time from August 28, 2024, until September 17, 2024, to allow the parties to continue to investigate the case, review the sentencing guidelines as they apply to the defendant, and prepare for sentencing proceedings.

   d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,

within which trial must commence, the time period of August 28, 2024 until September 17, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 30, 2024                                      PHILLIP A. TALBERT
                                                           United States Attorney

                                                           /s/ ARIN C. HEINZ
                                                           ARIN C. HEINZ
                                                           Assistant United States Attorney

Dated:  July 30, 2024                                      /s/ KARA OTTERVANGER
                                                           KARA OTTERVANGER
                                                           Counsel for Defendant
                                                           Edwin Angulo

# ORDER

The status conference previously set for August 28, 2024, is **VACATED**. A change of plea hearing is hereby **SET** for **September 17, 2024, at 09:00 a.m.,** in person, in Courtroom 6, on the 14th floor of the Robert T. Matsui U.S. Courthouse, in Sacramento, California, before Senior District Judge John A. Mendez. Time is **EXCLUDED** between August 28, 2024, and September 17, 2024, under 18 U.S.C. § 3161(h)(7)(A), B(iv), and Local Code T4.

IT IS SO ORDERED.

Dated: August 01, 2024

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE