PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4080
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-cr-00069-JAM-BAM |
|---|---|
| Plaintiff, | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER** |
| v. | |
| EDWIN DANIEL ANGULO, | |
| Defendant. | |

**BACKGROUND**

This case is set for a change of plea on September 17, 2024. The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or

finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a change of plea on September 17, 2024.

2. By this stipulation, the parties move to continue the change of plea hearing until **October 08, 2024, at 09:00 a.m.**, and exclude time between September 17, 2024 and October 8, 2024, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government provided discovery to the defense on April 8, 2024. The discovery consists of investigative reports, bodycam footage, photographs, and other information.

   b) The parties have resolved this case via a plea agreement. Dkt. 19. This case was previously scheduled for a change of plea on September 17, 2024. However, the United States Marshal Service informed the parties that they are unable to transport the defendant from Fresno to Sacramento for the scheduled hearing. As a result, the parties request to continue the hearing to allow the defendant to be present for his change of plea.

   c) The parties request exclusion of time from September 17, 2024, until October 8, 2024.

   d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,

within which trial must commence, the time period of September 17, 2024, until October 8, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: September 13, 2024 | PHILLIP A. TALBERT<br>United States Attorney |
|---|---|
| | /s/ ARIN C. HEINZ<br>ARIN C. HEINZ<br>Assistant United States Attorney |
| Dated: September 13, 2024 | /s/ KARA OTTERVANGER<br>KARA OTTERVANGER<br>Counsel for Defendant<br>Edwin Angulo |

**ORDER**

IT IS SO ORDERED.

| Dated: September 16, 2024 | /s/ John A. Mendez<br>THE HONORABLE JOHN A. MENDEZ<br>SENIOR UNITED STATES DISTRICT JUDGE |
|---|---|